# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

FRANCISCO VALADEZ,

                Plaintiff,

     v.

J. A. YATES, et al.,

                Defendants.

_____/

CASE NO. 1:10-cv-00398-SKO PC

ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN 30 DAYS

(Doc. 1)

Plaintiff Francisco Valadez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California. Plaintiff is suing under Section 1983 for the violation of his rights under the Eighth Amendment. Plaintiff names J. A. Yates (warden at PVSP), M. Cate (director of CDCR), S. Hubbard (assistant secretary/director of CDCR), Mattingly (assistant warden at PVSP), M.E. Spearman (associate warden at PVSP), and Walker (correctional captain at PVSP) as defendants ("Defendants"). For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims for relief. The Court will grant Plaintiff leave to amend to cure the deficiencies identified in this order.

## I.     Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).

**II.   Background**

Plaintiff claims that his Eighth Amendment rights were violated because he was exposed to Valley Fever at PVSP.  Plaintiff claims that Defendants knew the area around PVSP "contains the fungus spore that causes Valley Fever. (Compl. 5, ECF No. 1.)  Plaintiff further alleges that there is a high infection rate among prisoners and Defendants "failed to provide Plaintiff with environmental safeguards and controls, as well as other adequate protections that could have prevented Plaintiff from contracting valley fever and becoming dangerously ill." (Compl. 5-6, ECF No. 1.)

Plaintiff alleges that most infected persons develop flu-like symptoms, or symptoms ranging from fever, chills, shortness of breath, coughing, night sweats, headaches, rashes, exhaustion, and aches and pains.  However, Plaintiff also alleges that persons with weak immune systems or persons of certain races are susceptible to "disseminated valley fever" that could cause more serious

1  symptoms, including death.

2        Plaintiff claims that he was taken into CDCR custody in April 2004 and given a physical

3  examination that revealed that Plaintiff was in relatively good health.  On January 5, 2006, Plaintiff

4  was transferred to PVSP.  In early August 2009, Plaintiff contracted Valley Fever and exhibited flu-

5  like symptoms.  The symptoms grew worse and Plaintiff began feeling fatigued, nauseous, and

6  delirious.  Plaintiff also coughed, lost his appetite, had headaches and aches in his bones, joints and

7  muscles, and had difficulty breathing.  Plaintiff also developed pneumonia.  Plaintiff was treated

8  with Diflucam and "breathing treatment."  (Compl. 14, ECF No. 1.)

9        Plaintiff alleges that Defendants knew or should have known that Valley Fever was spreading

10  throughout PVSP.  Plaintiff claims that Valley Fever was a serious risk to his health and that

11  Defendants should have known that PVSP was not a safe place to house inmates.

12  **III.   Discussion**

13        Plaintiff claims that incarceration at PVSP constitutes cruel and unusual punishment because

14  of the prevalence of Valley Fever.  The Eighth Amendment prohibits the imposition of cruel and

15  unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards,

16  humanity and decency.'"  Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop,

17  404 F.2d 571, 579 (8th Cir. 1968)).  A prison official violates the Eighth Amendment only when two

18  requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and

19  (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind."

20  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

21        The objective requirement that the deprivation be "sufficiently serious" is met where the

22  prison official's act or omission results in the denial of "the minimal civilized measure of life's

23  necessities."  Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  The subjective

24  "sufficiently culpable state of mind" requirement is met when a prison official acts with "deliberate

25  indifference" to inmate health or safety.  Id. (quoting Wilson, 501 U.S. at 302-303).  A prison official

26  acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate

27  health or safety.  Id. at 837.  "[T]he official must both be aware of facts from which the inference

28  could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

1    Id.

2    "It is undisputed that the treatment a prisoner receives in prison and the conditions under

3    which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment."  Helling v.

4    McKinney, 509 U.S. 25, 31 (1993).  "The Eighth Amendment's prohibition against cruel and

5    unusual punishment protects prisoners not only from inhumane methods of punishment but also from

6    inhumane conditions of confinement."  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

7    Prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and

8    personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  "[W]hile conditions

9    of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and

10   unnecessary infliction of pain.'"  Morgan, 465 F.3d at 1045 (quoting Rhodes v. Chapman, 452 U.S.

11   337, 347 (1981)).

12   Plaintiff claims that incarceration at PVSP posed an excessive risk to his health and

13   Defendants acted with deliberate indifference to the risk of Valley Fever.  Plaintiff contends that

14   Defendants' response to the prevalence of Valley Fever was deliberately indifferent.  It is unclear,

15   however, how Defendants' response was deliberately indifferent.  Although Plaintiff claims that

16   Defendants failed to provide Plaintiff with adequate protection from Valley Fever, Plaintiff fails to

17   identify what Defendants should have done that would have been adequate.  Prison staff provided

18   Plaintiff with medication after it was revealed that Plaintiff had Valley Fever.  There is no indication

19   that there was a lack of medical treatment for inmates infected with Valley Fever.  Plaintiff does not

20   allege that he was particularly susceptible to Valley Fever, that Defendants knew that Plaintiff was

21   particularly susceptible, or that he requested any sort of protection or safeguard from Valley Fever.

22   Plaintiff's allegation that PVSP was unsafe for inmates suggests that it is Plaintiff's position

23   that the risk of Valley Fever was so great that Defendants are constitutionally obligated to shut down

24   the prison and transfer all the inmates at PVSP to other prisons.  The Court disagrees.

25   Although Plaintiff alleges that Valley Fever has serious symptoms, the Court finds that the

26   alleged risks posed by Valley Fever are not so great that the Constitution requires the entire prison

27   to be shut down.  The Court finds that the prison's policy of providing medication to prisoners with

28   Valley Fever was not deliberately indifferent and therefore was constitutionally adequate.  Plaintiff

4

1  fails to allege facts that plausibly support the conclusion that Defendants acted with a "sufficiently

2  culpable state of mind" by failing to do more in response to the Valley Fever matter.  Plaintiff fails

3  to state any claims against Defendants under the Eighth Amendment.

4  **IV.   Conclusion and Order**

5      The Court has screened Plaintiff's complaint and finds that it does not state any claims upon

6  which relief may be granted under Section 1983.  The Court will provide Plaintiff with the

7  opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

8  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave

9  to amend should be granted even if no request to amend was made unless the court determines that

10  the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d

11  1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless

12  it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

13  Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his

14  amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

15      If Plaintiff elects to amend, his amended complaint should be brief.  Fed. R. Civ. P. 8(a).

16  Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's

17  constitutional or other federal rights.  "The inquiry into causation must be individualized and focus

18  on the duties and responsibilities of each individual defendant whose acts or omissions are alleged

19  to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

20  With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P.

21  10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  In other

22  words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's

23  complaint because at this stage Plaintiff's factual allegations will be accepted as true.

24      However, although Plaintiff's factual allegations will be accepted as true and that "the

25  pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint

26  must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

27  its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly,

28  550 U.S. 544, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.     The Clerk's Office shall send Plaintiff a complaint form;

3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.     Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.     If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.


IT IS SO ORDERED.

**Dated:     November 10, 2010**                          **/s/ Sheila K. Oberto**
                                                UNITED STATES MAGISTRATE JUDGE